UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ENERGY POLICY ADVOCATES           )
170 S. Lincoln Street             )
Suite 150                         )
Spokane, WA 99201                 )
          Plaintiff,    )
   v.                            )   Case No. 1:21-cv-2025
                                  )
UNITED STATES ENVIRONMENTAL       )
PROTECTION AGENCY                 )
1200 Pennsylvania Avenue, N.W.    )
Washington, D.C. 20460            )
                                  )
          Defendant.    )

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff ENERGY POLICY ADVOCATES for its complaint against Defendant UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.* for declaratory, injunctive, and other relief, seeking immediate processing and release of agency records responsive to Plaintiff's request following the Environmental Protection Agency's failure to comply with the express terms of FOIA, and to fulfill its obligation to make a "determination" as that term is defined in *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 816 (D.C. Cir. 2013).

## PARTIES

2. Plaintiff Energy Policy Advocates ("EPA") is a non-profit organization incorporated in the State of Washington and dedicated to transparency and open government. Energy Policy Advocates uses state and federal open records laws to inform the public on the operations of government including private influences on government policymaking and other actions.

3. Defendant United States Environmental Protection Agency ("USEPA," or "the Agency") is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). The Agency has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

5. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

6. EPA is not required to further pursue administrative remedies before seeking relief in this Court because the Defendant has failed to make a timely "determination" as that term is defined in *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

7. Further, EPA has no obligation to exhaust administrative remedies with respect to its request for expedited processing of its FOIA request. See, e.g, *Citizens for Responsibility & Ethics in Wash. v. U.S. Dept. of Justice*, 436 F. Supp. 3d 354, 359 (D.D.C. 2020) (citing various other cases and holding that the statutory text of FOIA relieves plaintiffs of any exhaustion requirement).

## ENERGY POLICY ADVOCATES' FOIA REQUEST

8. Plaintiff submitted the FOIA request to Defendant that is at issue in this case via Defendant's online FOIA portal on April 9, 2021. The FOIA request sought certain described correspondence of an EPA employee (Joseph Goffman) to or from or mentioning a former Agency Administrator who now works elsewhere in the Biden Administration, fee waiver, and expedited processing of the request, citing to FOIA and Agency regulations.

9. Specifically, Plaintiff sought all electronic correspondence sent to or from Acting Assistant Administrator for Air Joseph Goffman that was also sent to or from, or

mentions, anywhere, the White House's "National Climate Advisor" Gina McCarthy, that also includes, anywhere, "CO2", "NAAQS", "GHG", and/or "Paris", from January 21, 2021 until the date Defendant processed the request.

10. Although Plaintiff states on information and belief that the Biden Administration has never submitted the required paperwork to seek Senate confirmation for Mr. Goffman as Assistant Administrator, as the current *Acting* Assistant Administrator for Air Mr. Goffman is in charge of major EPA regulatory initiatives covering those aforementioned subject matters.

11. Some of these matters are the subject of litigation recently filed by state attorneys general against the Environmental Protection Agency. The public record suggests that Mr. Goffman should have disclosed his prior relationships and been recused from involvement with any settlement discussions relating to such matters. See, e.g., Brief of Energy Policy Advocates as Amicus Curiae in Support of Respondent USEPA, *State of New York et al. V. US EPA*, DC Cir. Case No. 21-1028, Consolidated with Case No. 21-1060.

12. Mr. Goffman's work on these issues is of great and immediate public interest, and has already been the subject of media coverage.

13. The requested records will inform the public of the level of work on certain named issues by two senior Executive Branch political appointees both of whom carry substantial conflicts given their immediate-past employment. These include both Defendant's Acting Assistant Administrator for Air, Mr. Goffman (who, public records show, provided counsel to state attorneys general adverse to the Agency in litigation on key issues now under Goffman's portfolio with the Agency), and White House advisor and former

Agency Administrator Gina McCarthy (who also worked directly for a party that is adverse in litigation to the Agency on many issues including those which are the substantive subjects of the request at issue in this matter). The taxpayer deserves to know what the records show without further delay.

14. Defendant received the request on the same day it was transmitted and assigned it tracking number 2021-003647.

15. Plaintiff explicitly requested that its processing be expedited pursuant to 40 CFR 2.104(f)(1)(ii), citing to both the urgent need to inform the public of actual or alleged federal government activity, and Energy Policy Advocates' ability to inform the public.

16. On April 12, 2021, Defendant denied Plaintiff's request for expedited processing, stating "[w]hile your application does speak to an urgency to inform the public and the requester's ability to inform the public, it does not speak to any expectation that lack of expedited treatment would pose an imminent threat to the life or physical safety of an individual. Thus, you request does not contain the information required to support a finding that you request meets either of these criteria. Therefore, your request for expedited processing is denied."

17. By this reply, Defendant applied only half of the applicable test for such treatment, and wrongfully denied the Plaintiff expedited processing of its request.

18. The Environmental Protection Agency's regulations provide for expedited treatment if the request involves a "compelling need" defined as "[c]ircumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; _or_... [a]n urgency to inform the public about an actual or alleged Federal government activity, if the information is requested by a person

primarily engaged in disseminating information to the public." 40 CFR 2.104(f)(1)(i), (ii) (emphasis added).

19. The "compelling need" determination does not require both an imminent threat to the life or physical safety of an individual *and* an urgency to inform the public about an actual or alleged Federal government activity, but instead requires only a showing of one *or* the other enumerated requirements.

20. Defendant's decision that both elements are necessary for expedited processing or, alternatively, to ignore and refuse to apply the second scenario to Plaintiff's request, is arbitrary and capricious and violates the FOIA.

21. On April 19, 2021, Defendant denied Plaintiff's request for fee waiver, made in the alternative including on the basis that Plaintiff is recognized by several federal agencies as a "media outlet" for FOIA purposes.

22. Plaintiff is a media outlet for FOIA's purposes. The individual signatory on the request is also a radio journalist.

23. As Plaintiff informed Defendant in the request at issue here, other federal agencies have acknowledged Plaintiff's status as a media outlet (*e.g.*, Securities & Exchange Commission Request No. 21-00769-FOIA; Department of the Interior Request No. DOI-OS-2021-003335).

24. On April 12, 2021 and again on 28, 2021, Defendant wrote Plaintiff to state that its "request was assigned for processing," but failed to provide Plaintiff with a substantive response.

25. On May 28, 2021, Defendant wrote Plaintiff to state that "The Office of Air and Radiation is processing your request and is requesting an extension until July 9, 2021. As

a result of the request requiring interagency review we will need additional time in order to process the request. Please confirm the extension. If possible we will provide interim releases and will close the request prior to July 9. If review requires additional time, we will reach out as soon as possible to let you know if an additional extension may be needed."

26. On July 20, 2021, Defendant wrote Plaintiff to state that "We recently provided an interim production and the remaining records we have identified as responsive are undergoing inter- and intra- agency review. We are requesting an extension of the due date to Wednesday, September 15th, 2021."

27. As of July 27, 2021, Plaintiff has received no interim production or responsive records from Defendant. Undersigned counsel called the Defendant's FOIA Officer prior to filing this suit in an attempt to clarify the discrepancies in Defendant's correspondence, but had received no response as of the time of this filing.

28. As of July 27, 2021, the federal government's FOIAOnline.gov website, which Defendant uses to log and post requests and productions, shows that "No records have been released yet."

29. The FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, including a determination of whether the agency intends to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Within that deadline, the agency must also "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents," and "inform the requester that it can appeal whatever portion of" the agency's "determination" is adverse to the requestor. *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

30. 5 U.S.C.S. § 552(a)(6)(A) prescribes that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, 5 U.S.C. § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. 5 U.S.C. § 52(a)(6)(A)(ii) (II). In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period.

31. Nonetheless, Defendant has provided no further response.

32. Defendant USEPA continues to improperly deny Plaintiff access to agency records in violation of FOIA and further declines to make the statutorily required "determination" regarding when the Plaintiff might expect to be granted access to the documents it has requested.

### FIRST CLAIM FOR RELIEF
### Request for Expedited Processing

33. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

34. Pursuant to 5 U.S.C. § 552(a)(6)(E)(i) and the Agency's implementing regulations, the Plaintiff is entitled to expedited processing of its FOIA request as described herein.

35. Plaintiff is not required to further pursue administrative remedies.

36. Plaintiff asks this Court to enter an order and/or judgment requiring the Defendant to submit the administrative record[1] in this matter to the Court within 10 days of filing its responsive pleading in this matter and setting an expeditious schedule for resolving Plaintiff's claims related to expedited processing of its request; and/orUSEPA to process the request in an expedited manner; and/or to enter an order expediting this case pursuant to the Civil Priorities Act, 28 U.S.C. § 1657(a) and/or the *Ferguson v. FBI*, 722 F. Supp. 1137, 1144 (S.D.N.Y. 1989) (holding that the "'good cause' provision [of the Civil Priorities Act should] be liberally construed by the courts in granting requests for expedited consideration under the Freedom of Information Act.").

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Declaratory Judgment

37. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

38. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business

39. Plaintiff has a statutory right to the information it seeks, and Defendant has unlawfully withheld the information.

40. Plaintiff is not required to further pursue administrative remedies.

41. Plaintiff asks this Court to enter a judgment declaring that:

---

[1] Under FOIA, judicial review of an agency's decision to grant or deny a request for expedited processing "shall be based on the record before the agency at the time of the determination." 5 U.S.C. § 552(a)(6)(E)(iii). Therefore, the Court cannot adjudicate Plaintiff's entitlement to expedited processing without first requiring the Defendant to submit its administrative record to the Court.

   a. Plaintiff is entitled to records responsive to its FOIA request described above, and any attachments thereto, but Defendant has failed to provide the records;

   b. USEPA's processing of Plaintiff's FOIA request described above is not in accordance with the law, and does not satisfy USEPA's obligations under FOIA;

   c. USEPA must now produce records responsive to Plaintiff's request, and must grant Plaintiff a fee waiver.

### THIRD CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

42. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

43. Plaintiff is entitled to injunctive relief compelling Defendant to produce the records responsive to the FOIA request described herein at no cost to the Plaintiff.

44. Plaintiff asks the Court to enter an injunction ordering Defendant to produce to Plaintiff, within 20 business days of the date of the order, the requested records sought in Plaintiff's FOIA request described above, and any attachments thereto.

45. Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after Plaintiff receives the last of the produced documents, addressing Defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with Plaintiff's challenges to USEPA's withholdings, if any, and any other remaining issues.

### FOURTH CLAIM FOR RELIEF
### Costs And Fees – Injunctive Relief

46. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

47. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

48. This Court should enter an injunction or other appropriate order requiring the Defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

## PRAYER FOR RELIEF

Energy Policy Advocates respectfully requests this Court:

1. Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant complies with FOIA and every order of this Court;

2. Declare Defendant has violated FOIA by failing to provide Plaintiff with the requested records and failing to notify Plaintiff of a final determination within the statutory time limit;

3. Declare the documents sought by the request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

4. Order Defendant to expeditiously provide the requested records to Plaintiff, at no cost, within 20 business days of the Court's order;

5. Award Plaintiff's attorneys their fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E); and

6. Grant such other relief as this Court deems just and proper.

Respectfully submitted this the 27th day of July, 2021,

        ENERGY POLICY ADVOCATES
        By Counsel:

        /s/Matthew D. Hardin
        Matthew D. Hardin, D.C. Bar No. 1032711
        Hardin Law Office
        1725 I Street NW, Suite 300
        Washington, DC 20006
        Phone: (202) 802-1948
        Email: MatthewDHardin@protonmail.com